IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| MAURICE M. O'NEAL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 315-070 |
| ) | (Formerly CR 311-006) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner Maurice M. O'Neal has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DENIED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

I.    **BACKGROUND**

   A.    **Indictment and Agreement to Plead Guilty**

On May 4, 2011, the grand jury in the Southern District of Georgia charged Petitioner in a one-count indictment with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). United States v. O'Neal, CR 311-006, doc. no. 1 (S.D. Ga. May 4, 2011) (hereinafter "CR 311-006"). The Court appointed attorney Matthew Waters under the Criminal Justice Act to represent Petitioner. Id., doc. no. 9.

On January 19, 2012, Petitioner pled guilty to the felon in possession charge, and in exchange the government agreed not to object to a recommendation for a two-point

acceptance of responsibility reduction and to move for an additional one-point reduction under the Sentencing Guidelines. Id., doc. nos. 37-39. The government also agreed to recommend Petitioner receive a sentence in the bottom half of the final Guideline range determined by the Court at the sentencing hearing. Id., doc. no. 38, p. 2. For his part, Petitioner admitted that he had possessed a specific firearm and ammunition after having been previously convicted of two prior felonies: burglary and theft by taking. Id. at 4.

After United States District Judge Dudley H. Bowen, Jr., conducted the change of plea proceedings and accepted Petitioner's guilty plea, the government requested that a supplemental plea colloquy be held and filed an amended penalty certification. Id., doc. nos. 40, 41, 56. The government made the request because the United States Probation Office discovered, while preparing the Presentence Investigation Report ("PSI"), Petitioner had additional convictions that were not previously known but which qualified him for an Armed Career Criminal Act ("ACCA") enhancement under 18 U.S.C. § 924(e). The enhancement applies when a defendant has at least three prior convictions for a violent felony or serious drug offense. 18 U.S.C. § 924(e). The statutory minimum penalty for an ACCA conviction is fifteen years imprisonment, and the statutory maximum is life imprisonment. CR 311-006, doc. no. 41. Without the § 924(e) enhancement, the felon in possession count carried a possible statutory sentence of not more than ten years imprisonment. 18 U.S.C. § 924(a)(2).

Petitioner acknowledged the government's request and the increased penalty certification, but he expressed his willingness to stand by his guilty plea and waive any supplemental plea proceedings. CR 311-006, doc. no. 42. When Judge Bowen convened the sentencing proceedings, he again reviewed the change in sentencing circumstances since the

entry of the guilty plea. Id., doc. no. 54, pp. 1-20. Judge Bowen confirmed with Petitioner, after giving him additional time to discuss the matter with counsel and revisiting the factual basis for the guilty plea, that Petitioner did indeed wish to proceed with sentencing. Id.

### B. Sentencing

The PSI set Petitioner's Total Offense Level at thirty, Criminal History Category at V, and Guideline imprisonment range at 151 to 188 months. PSI ¶¶ 22, 52. However, the PSI specifically delineated that Petitioner had at least four previous convictions, two for burglary and two for aggravated assault, that made him subject to an ACCA enhancement under 18 U.S.C. § 924(e). PSI ¶¶ 19, 27. Because the sentence could not be less than the statutory minimum under the ACCA, the Guideline sentence was 180 to 188 months. PSI ¶ 52. No objections to the PSI were filed. See PSI Add.; see also CR 311-006, doc. no. 54 (hereinafter "First Sent. Tr.").

After hearing from defense counsel and Petitioner in mitigation, Judge Bowen imposed a sentence of 120 months imprisonment, along with a five-year term of supervised release, a $2,500 fine, and a $100 special assessment. First Sent. Tr., pp. 26-27; CR 311-006, doc. no. 48. The judgment entered on May 11, 2012, and Petitioner signed a Notice of Post-Conviction Consultation Certification stating that after consulting with his attorney, he had decided not to file an appeal. CR 311-006, doc. nos. 47, 48.

### C. Direct Appeal

The government, however, did file an appeal because Petitioner had been sentenced below the ACCA statutory minimum. Id., doc. no. 51. The Eleventh Circuit, noting (1) there was no dispute that Petitioner's two prior burglaries and two prior aggravated assault

3

convictions qualified as predicate offenses for the purposes of the ACCA mandatory minimum sentence, (2) Petitioner was ineligible for safety-valve relief, and (3) the government did not file a substantial assistance motion, vacated the sentence with directions that Petitioner be sentenced in accordance with the ACCA's mandatory minimum fifteen-year sentence. Id., doc. no. 59. On May 30, 2013, Judge Bowen vacated the 120-month sentence and re-sentenced Petitioner to fifteen years imprisonment, with all other terms to remain the same. Id., doc. nos. 64, 65, 74.

This time, Petitioner did appeal. Id., doc. no. 66. The Eleventh Circuit affirmed the new sentence. Id., doc. no. 77. The Eleventh Circuit also granted the motion of Mr. Waters to withdraw from further representation of Petitioner. Id. at 2.

### D.  § 2255 Proceedings

Petitioner signed the instant motion on August 13, 2015, and the Clerk of Court filed it on August 24, 2015. (Doc. no. 1, pp. 1, 23.) In his § 2255 motion, Petitioner raises two grounds for relief: (1) he received ineffective assistance of appellate counsel because Mr. Waters did not file a petition for a writ of certiorari with the United States Supreme Court; and (2) under Johnson v. United States, 135 S. Ct. 2551 (2015), his two prior burglary convictions from 2003 do not count as predicate offenses under the ACCA, thereby invalidating his fifteen-year, ACCA sentence. (See generally id.) Petitioner does not ask to withdraw his guilty plea; he asks only to be resentenced without the § 924(e) enhancement. (Id. at 23.)

Respondent contends that Petitioner's § 2255 motion should be denied because Petitioner is not entitled to the assistance of counsel for a discretionary appeal and Johnson

has no application to Petitioner's sentence. (See generally doc. no. 3.) Notably, although the government argues that both burglary convictions and both aggravated assault convictions continue to count as ACCA predicate offenses even after Johnson, Petitioner does not contest use of the two aggravated assault convictions, (doc. no. 1, pp. 9, 23).

## II. DISCUSSION

### A. Counsel Was Not Constitutionally Ineffective for Failing to File a Petition for a Writ of Certiorari with the United States Supreme Court.

#### 1. Under Strickland v. Washington, Petitioner Bears a Heavy Burden on Ineffective Assistance of Counsel Claims.

Ineffective assistance of counsel claims are subject to the two-part test enunciated in Strickland v. Washington, 466 U.S. 668 (1984). See Massaro v. United States, 538 U.S. 500, 505 (2003); United States v. Armstrong, 546 F. App'x 936, 940 (11th Cir. 2013); see also Roe v. Flores-Ortega, 528 U.S. 470, 476-77 (2000) (holding that Strickland test applies to ineffective assistance claim alleging failure to file an appeal). Petitioner must show that counsel was constitutionally ineffective under the two prongs of Strickland by proving defense counsel's performance was deficient and prejudicial.

Under the first prong, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. A court, however, "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Id. at 697; see also Brooks v. Comm'r, Ala. Dep't of Corr., 719 F.3d 1292, 1301 (11th Cir. 2013). Under the prejudice

prong of Strickland, a petitioner must show "that there 'is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

### 2. There Is No Right to Counsel for a Discretionary Appeal.

Petitioner cannot meet the stringent Strickland standard based on his claim that Mr. Waters failed to petition for a writ of certiorari from the United States Supreme Court. Not only did the Eleventh Circuit Court of Appeals issue an order granting Mr.Waters's motion to withdraw from further representing Petitioner, but there is no constitutional right to counsel for discretionary appeals such as a request for review by the United States Supreme Court. "The right to appointed counsel extends to the first appeal of right, and no further." Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Because there is no constitutional right to counsel in pursuit of review in the United States Supreme Court, Petitioner could not have been deprived of effective assistance of counsel by Mr. Waters' failure to file for a writ of certiorari, and his first ground forms no basis for relief. See Wainwright v. Torna, 455 U.S. 586, 587-88 (1982) (denying federal habeas corpus relief for ineffective assistance claim based on a failure of counsel to time file a petition for discretionary review).

### B. Petitioner Is Not Entitled to Resentencing Because His Two Prior Burglary Convictions Continue to Qualify as Predicate Offenses Under the ACCA.

Petitioner argues that the two prior burglary convictions used to determine he qualified for sentencing under the ACCA do not qualify as predicate offenses after the ruling in Johnson, *supra*, in which the Supreme Court ruled that the residual clause of the ACCA was unconstitutionally vague. The Court is aware that Judge Bowen refused to rely on a third prior conviction for burglary of a tool shed to support the ACCA enhancement. First

Sent. Tr., p. 25. Likewise, although the government argues that the two prior aggravated assault convictions are also valid ACCA predicates, the Court need not address those convictions because Petitioner contests only the use of the two burglary convictions from 2003. (Doc. no. 1, pp. 9, 23.)

The ACCA enhancement at issue in this case applies to a defendant such as Petitioner who possesses firearms illegally as a prohibited person when that defendant also has at least three prior convictions for a violent felony or serious drug offense. 18 U.S.C. § 924(e)(1). The "elements clause" of the ACCA defines a qualifying predicate "violent felony" as any crime that "has an element the use, attempted use, or threatened use of physical force against the person of another. . . ." Id. § 924(e)(2)(B). The ACCA also defines a violent felony as burglary, arson, extortion, or those involving the use of explosives. Id. The "residual clause" of the ACCA violent felony definition includes a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).

Petitioner's second ground for relief falters out of the gate because his predicate burglary offenses do not fall under the residual clause of the ACCA, the only portion of the statute that the Johnson ruling determined violated due process and was therefore unconstitutional. See Johnson, 135 S. Ct. at 2563. However, the ACCA has been interpreted to count a conviction for "generic burglary" as a predicate offense, while a "non-generic burglary" conviction does not count. United States v. Rainer, 616 F.3d 1212, 1213 (11th Cir. 2010), *abrogated on other grounds*, United States v. Howard, 742 F.3d 1334, 1342-45 (11th

Cir. 2014). Thus, the Court turns its attention to the categorization of Petitioner's two burglary convictions.

To determine whether a defendant's prior conviction qualifies as a predicate ACCA offense for burglary, arson, or extortion, courts compare the elements of the ACCA predicate offense to the elements of the prior conviction. Descamps v. United States, 133 S. Ct. 2276, 2281-82 (2013). A prior conviction qualifies as an ACCA predicate offense only if the elements of the prior conviction are the same or narrower than the elements of the ACCA predicate offense. Id. Because the ACCA does not specify the elements for the predicate offenses of burglary, arson, and extortion, courts apply the elements of these "generic" crimes as commonly understood. Id.

Comparison of the elements between the prior conviction and ACCA offense is simple when the charging statute for the prior conviction is indivisible, meaning that the statute sets out a single set of elements for the offense. Courts refer to this simple comparison as the "categorical approach." Id. A complication arises, however, when the charging statute for the prior conviction sets out one or more elements in the alternative, such as a burglary statute that defines burglary as either the unlawful entry into a building or an automobile. Id. In such an instance, courts must look beyond the charging statute to determine which of the alternative elements formed the basis of the prior conviction, by reference to a limited class of documents such as indictments, plea agreements, and jury instructions. Id.

After identifying the specific elements that formed the basis of the prior conviction, courts make the comparison between those elements and the elements of the ACCA

predicate offense. This method of comparison for divisible statutes is the "modified categorical approach." As common sense suggests, the Supreme Court held in Descamps that courts may not apply the modified categorical approach when the charging statute for the prior conviction is indivisible. This is because the charging statute sets out only one set of elements with no alternatives, and reference to extraneous documents is unnecessary to determine the elements of the prior conviction. Id. at 2286.

With respect to Petitioner, generic burglary "contains at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure with intent to commit a crime." Taylor v. United States, 495 U.S. 575, 598 (1990). At the time of Petitioner's state burglary convictions, the Georgia Code defined felony burglary as follows:

> A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another or any building, vehicle, railroad car, watercraft, or other such structure designed for use as the dwelling of another or enters or remains within any other building, railroad car, aircraft, or any room or any part thereof.

O.C.G.A. § 16-7-1 (version in effect from 1980-2012). The Georgia statute is divisible because a person can commit burglary by unlawful entry into not only a building or structure, but also a vehicle, railroad car, watercraft, or aircraft. Id.

Utilizing the modified categorical approach, there is no question that Petitioner's two prior burglary convictions from 2003 qualify as ACCA predicate offenses. The exhibits attached to the government's opposition brief, all of which fall within the scope of documents properly considered under the modified categorical approach, confirm that Petitioner has at least two prior burglary convictions under O.C.G.A. § 16-7-1 involving the

9

unlawful entry into a building with the intent to commit a crime. (Doc. no. 3, Ex. A; see also PSI ¶ 27.)  These documents describe convictions for entering two buildings in Dublin, Georgia, to wit: the Tint and Tunes and the World Hi Fi businesses. (Doc. no. 3, Ex. A; see also PSI ¶ 27.) Because the elements of this specific offense under O.C.G.A. § 16-7-1 are narrower than the elements of the generic ACCA offense, Petitioner's prior burglary convictions from 2003 qualify as predicate offenses under the ACCA. Indeed, while the generic offense merely requires unlawful entry into a building with the intent to commit any crime, O.C.G.A. § 16-7-1 more narrowly requires unlawful entry into a building with the intent to commit a felony or theft. See Taylor, 495 U.S. at 598.

The conclusion that the prior Georgia burglary convictions from 2003 qualify as predicate ACCA burglary offenses should come as no surprise to Petitioner. He never challenged their proper categorization as ACCA predicate offenses at any time during his underlying criminal case before Judge Bowen. Indeed, in ruling that Petitioner must be sentenced under the ACCA, the Eleventh Circuit identified that the predicate offense status of the two burglary convictions, as well as the two aggravated assault convictions, had not been challenged. CR 311-006, doc. no. 77.

The Court is aware of the government's argument that Petitioner's two convictions for aggravated assault based on ramming two people with his car satisfy the "use of physical force against the person of another" portion of the elements clause of the ACCA's definition of "violent felony." (Doc. no. 3, pp. 8-10.) However, because Petitioner has not challenged the categorization of the two aggravated assault convictions as ACCA predicate offenses, the Court need not issue an advisory opinion on that argument to reach a determination that

10

Petitioner is not entitled to relief in this case. In sum, as Petitioner has four ACCA predicate offenses even after Johnson, two burglaries from 2003 and two aggravated assaults, his second ground for relief has no merit. Therefore, Petitioner is not entitled to be resentenced without the ACCA enhancement.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DENIED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 15th day of December, 2015, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA